**OUTBOARD MARINE CORPORATION and Donzi Marine Corporation, Appellees,**

v.

**DONVEE INCORPORATED, Appellant.**

No. 89–2131.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1990.

Decided June 26, 1990.

Rehearing Denied July 23, 1990.

Jerome A. Gross, St. Louis, Mo., for appellant.

Jack Q. Lever, Jr., Washington, D.C., for appellees.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Donvee Incorporated (Donvee) appeals

the district court's [1] permanent injunction in favor of Outboard Marine Corporation and Donzi Marine Corporation (collectively Outboard Marine), prohibiting Donvee from using the "DonVee" name. We affirm.

"Donzi" is the registered trademark of Donzi Marine Corporation, a subsidiary of Outboard Marine Corporation. Both corporations are in the business of designing, manufacturing, and selling power boats. In 1988, Donvee began making, advertising, and selling pleasure craft under the name "DonVee."

In March 1989, Outboard Marine filed suit against Donvee in the district court, seeking injunctive relief and damages for trademark infringement, unfair competition, and common law trademark dilution. According to the district court's docket entry on May 24, 1989, counsel for the parties and the district court agreed to a "non-testimonial argument on 6/1/89 without presence of parties." After counsel presented oral argument at the hearing, the district court announced its intention to issue a preliminary injunction. Counsel for both parties then negotiated the terms of the injunction, agreeing that Donvee could have six months to terminate use of the "DonVee" name and that boats already sold or delivered under the "DonVee" name would be exempt. The court asked counsel to draft an order encompassing the terms of the agreement and filed an order granting permanent injunctive relief the following day. Donvee appeals.

Donvee contends that the requirements for issuing a preliminary injunction were not met, that the district court's findings were not specific enough to provide a basis for judicial review, and that issues remain which require a trial on the merits.

Our examination of the record reveals that Donvee has no grounds for appealing the district court's order. The record shows that Donvee agreed to the hearing procedure used by the district court and settled much of the dispute with Outboard Marine. Donvee's counsel and Outboard Marine's counsel then jointly drafted and presented to the district court an order granting Outboard Marine injunctive relief. The district court then entered the agreed-to order. Unlike the challenge to counsel's authority in *Kansas City Laborers Pension Fund v. Paramount Indus., Inc.*, 829 F.2d 644 (8th Cir.1987), Donvee does not allege that its counsel lacked authority to consent to the district court procedures or to make a settlement with Outboard Marine that resulted in the entry of the order Donvee now attacks. Accordingly, the order is affirmed.

---

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.